UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                Petitioner,

       -against-

WARDEN CARTER OF GRVC,

                Respondent.

25-CV-0233 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On November 6, 2023, because of Petitioner's continuous submission of frivolous petitions for writs of *habeas corpus* under § 2241, the Court barred Petitioner, under 28 U.S.C. § 1651, from filing future *habeas corpus* petitions *in forma pauperis* in this court, arising from his ongoing Bronx County criminal proceedings pending under indictment number 70616-21, without first obtaining from the court leave to file. *See Jones v. McCormack*, ECF 1:23-CV-8296, 13 (LTS) (S.D.N.Y. Nov. 6, 2023).

On January 3, 2025, Petitioner filed this *pro se* petition for a writ of *habeas corpus* under Section 2241, challenging his ongoing criminal proceedings that are pending, under indictment number 70616-21, in the Bronx Supreme Criminal Court. By order dated February 3, 2025, the Court dismissed the petition under the November 6, 2023 bar order issued in No. 23-CV-8296, because Petitioner was again challenging his ongoing Bronx County criminal proceedings, and he had not sought prior leave to file. (ECF 9, 10.)

After the Court dismissed the petition, it received from Petitioner three letters (ECF 12, 13, 14); a "Petition Requesting Issuance of Writ of Habeas Corpus" (ECF 15); and a "Petition Under the Laken-Riley Act, Foreign Corrupt Practices Act of 18 U.S.C. 201(F), 15 USC 7800-1C(F)(I)" (ECF 16.) Each of these documents were dated by Petitioner before the Court issued

its order of dismissal. Finally, on February 21, 2025, the Court received from Petitioner a document labeled "Motion to Clarify Confusion." (ECF 17.)

Even though this case is closed, in light of Petitioner's *pro se* status, the Court has reviewed the recently received submissions, and determined that nothing in them changes the Court's decision to dismiss the petition under the November 6, 2023 bar order.

The Court reminds Petitioner that this case is closed.

The Clerk of Court is directed to terminate all pending motions.

Because the petition at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 25, 2025
          New York, New York

                            /s/ Laura Taylor Swain
                         LAURA TAYLOR SWAIN
                         Chief United States District Judge